O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BENJAMIN ALCAZAR, MERCEDEZ     )   Case No. CV 11-05645 DDP (MANx)
ALCAZAR,                       )
                               )
                Plaintiffs,    )
                               )   **ORDER GRANTING DEFENDANTS' MOTION**
        v.                     )   **TO DISMISS IN PART AND REMANDING**
                               )   **FOR LACK OF JURISDICTION**
BANK OF AMERICA, a National    )
Banking Association;           )
COUNTRYWIDE HOME LOANS INC.;   )
EXECUTIVE MORTGAGE GROUP, a    )
California corporation;        )   [Dkt. No. 54]
RECONSTRUCT COMPANY, a         )
business entity form           )
unknown; LANDSAFE TITLE        )
CORPORATION,                   )
                               )
                Defendants.    )
_____)

     Presently before the court is a Motion to Dismiss Plaintiffs'

Complaint filed by Defendants' Bank of America, N.A., Countrywide

Home Loans Inc., and ReconTrust Compant, N.A.[1]  Having considered

the submissions of the parties, the court grants the motion, adopts

the following order, and dismisses the entire action.

_____

     [1] Though titled "Motion to Dismiss Plaintiffs' First Amended
Complaint," Defendants' motion only seeks dismissal of three of
Plaintiffs' four causes of action.

In August 2006, Plaintiffs obtained a refinancing loan on property located at 14628 Helwig Avenue, Norwalk, California 90650. (First Amended Complaint ("FAC") ¶¶ 4, 13.)  The FAC alleges that Defendants Countrywide and Bank of America were not and are not holders of the security instrument associated with the loan.  (FAC ¶ 15.)  In August 2008, Plaintiffs loan payments fell into arrears, and Bank of America began foreclosure proceedings.  (FAC ¶ 16.)

In 2009, Plaintiffs applied for a loan modification and received approval for a "trial plan" requiring payments of $2,004.10.  (FAC ¶ 17.)  Soon after, Plaintiffs were approved for a second trial, with payments of $ 1,688.58.  (Id.)  Plaintiffs made payments of $1,688.15 until January 2010.  (FAC ¶ 18.)  At that point, Bank of America rejected the trial plan, stating that Plaintiffs had failed to make the required monthly payments of $2,0004.10.  (Id.)

On June 9, 2011, Plaintiffs filed a verified Complaint against Defendants in Los Angeles County Superior Court.  (Notice of Removal, Ex. 1.)  Defendants removed the case to federal court on July 8, 2011.  A court in this district subsequently dismissed all but on of the causes of action alleged in the original complaint. (See Dkt. No. 16.)  Plaintiffs then filed the FAC, which alleges four causes of action for 1) declaratory relief, 2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, 3) violation of California Civil Code Section 2923.5, and 4)

1    promissory estoppel.[2]  Defendants now move to dismiss all but the

2    promissory estoppel cause of action.

3         Plaintiffs, represented by counsel, filed a brief opposition

4    to the instant motion.  (Dkt. No. 56.)  Plaintiffs' memorandum does

5    not oppose Defendants' motion with respect to the RESPA claim or

6    the declaratory relief claim.  This court, therefore, interprets

7    Defendants' failure to oppose as consent to the dismissal of those

8    claims.  See C.D. Cal. L.R. 7-12.  Plaintiffs' first and second

9    causes of action are therefore DISMISSED.

10        Defendants removed to this court on the basis of federal

11   question jurisdiction under 28 U.S.C. § 1331.  (Notice of Removal

12   at 2.)  A defendant may remove to federal court "any civil action

13   brought in a State court of which the district courts of the United

14   States have original jurisdiction . . . ."  28 U.S.C. § 1441(a).

15   District courts have original jurisdiction over "all civil actions

16   arising under the Constitution, laws, or treaties of the United

17   States.  28 U.S.C. § 1331.

18        This court must independently examine the issue of subject

19   matter jurisdiction, regardless of the parties' arguments.  See

20   United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d

21   960, 966 (9th Cir. 2004).  Having dismissed Plaintiffs' only

22   federal cause of action, only state law claims for promissory

23   estoppel and violation of California Civil Code Section 2923.5

24   remain.  The court must therefore determine whether to exercise its

25   discretion to retain pendent jurisdiction over the remaining state

26   _____

27        [2] The FAC lists the RESPA, California Civil Code Section
     2923.5, and promissory estoppel claims as the third, fourth, and
28   fifth causes of action, respectively.  The FAC does not, however,
     include a second cause of action.

1  law claims.  <u>Scheneider v. TRW, Inc.</u>, 938 F.3d 986, 993-94 (9th

2  Cir. 1991).   In most instances, the balance of factors weigh

3  against exercising jurisdiction over remaining state law claims.

4  <u>Id.</u> at 993.  Such is the case here.  Accordingly, the court

5  declines to exercise supplemental jurisdiction over Plaintiffs'

6  promissory estoppel and violation of California Civil Code Section

7  2923.5 claims, and remands this case to state court.

8       For the reasons stated above, Defendants' Motion to Dismiss is

9  GRANTED, in part.  Plaintiffs' declaratory relief and RESPA claims

10 are DISMISSED.  The remaining claims are hereby REMANDED.

11

12 IT IS SO ORDERED.

13

14

15 Dated:July 30, 2012

16                                    DEAN D. PREGERSON
                                     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

4